UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| STEVEN MICHAEL SCHWAB, | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:21-cv-18-JMH |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on the Plaintiff's Motion for Extension of Time to Serve Defendant via United States Attorney for the Eastern District of Kentucky [DE 6]. Because Plaintiff Steven Michael Schwab has failed to serve Defendant United States Attorney for the Eastern District of Kentucky within 90 days after filing his Complaint and has not provided adequate justification for that failure, the Court will deny his motion for an extension and dismiss this case without prejudice.

**I. BACKGROUND.**

Rule 4(i) provides that when, as here, a party of the United States is a defendant, a party must serve a copy of the summons and of the complaint on both the United States Attorney for the district where the action is brought, as well as on the Attorney General of the United States. Fed. R. Civ. P. 4(i). And, under Rule 4(m), if a defendant is not served within 90 days after filing of the complaint, the Court must dismiss the action without

prejudice or order that service be made within a specified time, unless the plaintiff shows good cause why it failed to serve a defendant. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, the Court must extend the time for service for an appropriate period. *Id.*

Plaintiff brought this action under the Federal Tort Claims Act ("FTCA"), alleging medical malpractice at the VA Medical Center in Lexington, Kentucky. [*See* DE 1]. Plaintiff submitted an administrative tort claim with the U.S. Department of Veterans Affairs ("VA"), which was received by that agency on May 18, 2020. [*See* DE 1-2]. Plaintiff filed his Complaint in this Court on January 15, 2021, after more than six months had passed from the date of filing his administrative complaint with the VA and without receiving a response. [DE 1 at 5]. Then, on April 14, 2021, the VA formally denied Plaintiff's administrative claim, and Plaintiff received notice of that denial on April 19, 2021. [*See* DE 6-1].

On April 20, 2021, five days after Rule 4(m)'s time limit expired, Plaintiff filed a Motion for Extension of Time, [DE 6], seeking a 60-day extension of time to serve the United States Attorney for the Eastern District of Kentucky. [*Id.* at 1]. While Plaintiff served process on the Office of the United States Attorney General and the Office of General Counsel, Plaintiff admits to having failed to serve the United States Attorney for the Eastern District of Kentucky within the 90-day period. [*Id.* at

2]. Plaintiff explains that he intended to serve in person the United States Attorney for the Eastern District of Kentucky, but he was informed by United States Attorney's office that it was not accepting in-person service due to the COVID-19 pandemic. [*Id.*]. Plaintiff states that he "believes [he] attempted service on the Office of the Unites States Attorney for the Eastern District of Kentucky via certified mail instead." [*Id.*]. However, Plaintiff admits that "in all honesty, Plaintiff does not have a tracking number and cannot produce any record or proof showing said service was attempted or successful[.]" [*Id.*]. As such, Plaintiff "assumes that service was not successfully completed on the Office of the United States Attorney[.]" [*Id.*].

## II. DISCUSSION.

Rule 4(m) requires a two-part analysis. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424 (Table), 2000 WL 1785749, at *1, (6th Cir. Nov. 21, 2000). First, if the plaintiff shows good cause for its failure to effectuate service, Rule 4(m) requires the Court to grant an appropriate extension. *Id*. Second, if the plaintiff has not shown good cause, the Court must either (1) dismiss the action without prejudice or (2) order that service be effectuated within a specified time. *Id*. "In other words, the court has discretion to permit late service even absent a showing of good cause." *Id*. (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

3

**a. Good Cause**

Plaintiff bears the burden of demonstrating good cause, and such a showing "necessitates a demonstration of why service was not made within the time constraints" of Rule 4(m). *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). Good cause in this context requires at least excusable neglect. *Stewart*, 2000 WL 1785749, at *1. Excusable neglect is a strict standard that is met only in extraordinary cases. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006); *see also Nafziger v. McDermott Int'l Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (stating five factors to consider in determining whether excusable neglect has been shown).

The Court cannot find good cause here. Plaintiff does not cite to either the good cause or excusable neglect standards. Instead, Plaintiff merely offers that, once he was informed that the defendant was not accepting in-person service because of the COVID-19 pandemic, he "believes [he] attempted service . . . via certified mail instead." [De 6 at 2]. But Plaintiff admits that he has no proof of ever having done so. [*Id.*]. This explanation simply does not demonstrate the extraordinary circumstances necessary to warrant a finding of good cause. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) ("Counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."). And, more concerningly,

Plaintiff does not offer any explanation for his apparent failure at any point during the 90-day period to follow up on his attempted service via certified mail or otherwise inquire into why service was unsuccessful. Accordingly, Plaintiff has not shown good cause.

### b. Discretionary Factors

The Court must still determine whether, in its discretion, it should extend the time to effectuate service absent a showing of good cause. *See Stewart*, 2000 WL 1785749, at *1. Courts in this Circuit have outlined several factors to consider in determining whether to grant such an extension, including:

> whether the claims would be barred by the statute of limitations if dismissed; whether the defendant had notice so that he is not unfairly surprised by the suit; whether an extension would serve the policy of resolving disputes on their merits; the length of time requested; and whether the plaintiff made a good faith effort to timely serve process.

*Charles v. Lee Cty., Ky.*, No. 5:19-cv-579-DCR, 2020 WL 1906890, at *2 (E.D. Ky. Apr. 17, 2020) (citing *Burnett v. Martin*, 6:06-cv-482-DCR, 2007 WL 2156514, at *2-3 (E.D. Ky. July 24, 2007)).

First, Plaintiff's motion makes clear that the statute of limitations would not bar any refiled claim in this case, so this factor weighs against granting an extension. [*See* DE 6 at 1]. Because the VA formally denied Plaintiff's administrative claim on April 14, 2021, by Plaintiff's own calculation, the statute of limitations on Plaintiff's claim does not run until on or about October 14, 2021. [*See* DE 6 at 1]; *see also Jackson v. United*

5

*States*, 751 F.3d 712, 716 (6th Cir. 2014) ("[A] claimant may sue the United States pursuant to the FTCA six months after presenting a claim to an agency . . . . A claimant may no longer sue the United States six months after the time that an agency mails a denial letter." (citing 28 U.S.C. § 2401(b))).

Second, it is not clear to the Court whether the United States had any notice of Plaintiff's suit, and Plaintiff has not suggested that the United States had such notice. Because the Plaintiff has the burden of demonstrating that additional time is warranted, this factor also weighs against granting an extension.

The third and fourth factors weigh in favor of granting an extension. As Plaintiff contends in his motion, granting an extension would save Plaintiff the trouble of re-filing his Complaint, [DE 6 at 2], and would promote the goal of resolving this dispute on the merits. Moreover, Plaintiff has requested 60 days to effectuate service on the defendant, [*id*.] which the Court finds to be a reasonable period of time to effectuate service.

But the final factor, whether Plaintiff has made a good faith effort to timely serve process, weighs heavily against granting an extension. Plaintiff cannot state with certainty whether he even attempted to serve the United States Attorney for the Eastern District at all during the 90-day period mandated by Rule 4(m). Instead, he simply states that, after learning the Defendant would not accept in-person service, he "believes [he] attempted service

. . . via certified mail instead[,]" but he cannot produce a tracking number or any other proof showing that he did so. [DE 6 at 2]. And absent from the Plaintiff's motion is any explanation for why the Plaintiff utterly failed to ensure that any service via certified mail, if attempted at all, was not completed. As such, the Court is not confident that the Plaintiff made any effort to serve this defendant.

On balance, the Court finds that the factors weigh against granting a discretionary extension of time for Plaintiff to serve the United States Attorney for the Eastern District of Kentucky. So the Court will deny the Plaintiff's motion seeking an extension of time to serve the United States Attorney for the Eastern District of Kentucky and will dismiss this action without prejudice, pursuant to Rule 4(m).

Accordingly, **IT IS ORDERED** as follows:

(1) The Plaintiff's Motion for Extension of Time to Serve Defendant via United States Attorney for the Eastern District of Kentucky [DE 6] is **DENIED;** and

(2) This matter is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's active docket.

This the 12th day of May, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge